

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2008

# USA v. Renard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Renard" (2008). *2008 Decisions.* Paper 761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4705
_____

UNITED STATES OF AMERICA,
                                        Appellee,

vs.

VOLVIC RENARD
                                        Appellant.
_____

On Appeal from the District Court of the Virgin Islands
(Cr. No. 07-00053)
District Judge: Honorable Curtis V. Gomez
_____

Argued May 6, 2008

_____

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges

(Opinion Filed:  July 31, 2008)
_____

OPINION
_____


Jesse A. Gessin, Esq. [ARGUED]
Assistant Federal Public Defender
P.O. Box 1327
St. Thomas, VI 00804-1327


    Counsel for Appellant

Anthony J. Jenkins
United States Attorney
Everard Potter [ARGUED]
Assistant United States Attorney
Ron de Lugo Federal Building
5500 Veterans Drive, Suite 260
Charlotte Amalie, St. Thomas, VI 00802-6424

      Counsel for Appellee


FUENTES, <u>Circuit</u> <u>Judge</u>:

Appellant Volvic Renard appeals his conviction for violating 8 U.S.C. § 1326(a).

For the following reasons, we will affirm.

I.

Renard is a citizen of Haiti. On July 26, 2007, he entered the Department of

Homeland Security's office in St. Thomas, Virgin Islands, seeking asylum under the alias

"Jean Durand Pierre." Officials processed and fingerprinted Renard. A fingerprint

analysis revealed that Renard had been deported from the United States in January 1989

under the alias, "Andre Selant."

Because of his prior deportation, the Government charged Renard with one-count

of re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a).

Following Renard's arraignment, the District Court entered an order requiring completion

of discovery by October 1, 2007. In compliance with this order, the Government turned

over the fingerprint cards containing the prints taken in 1989 of one Andre Selant and

those taken of Renard in 2007. On Thursday, October 25, 2007, four days before the trial was to begin, the Government received a report from Brian A. Jones, its fingerprint specialist. The report confirmed that the fingerprints taken in 1989 of Andre Selant, matched Renard's fingerprints taken in 2007.

Upon receipt, the Government emailed Jones's report and his curriculum vitae to Renard's counsel who responded, stating that he did not consent to service of court documents by email. The following day, the Government placed a copy of the report and curriculum vitae in Renard's counsel's mail box at the District Court. Renard's counsel picked up the documents on Monday morning, just before jury selection and the start of trial. No pre-trial motions were made by anyone respecting the fingerprint specialist's report or testimony.

As expected, the Government called Jones to testify regarding the match between Selant's fingerprints taken in 1989 and Renard's fingerprints taken in 2007. Renard's counsel moved to exclude the testimony or, alternatively, for a continuance stating that he had only received notice of Jones's testimony a few hours before. The District Court denied the motion but allowed Renard's counsel to *voir dire* Jones and gave him "broad leeway in [his] cross-examination." (App. 88.)

At the end of the evidence and the summations of counsel, the jury found Renard guilty. Renard was sentenced to time served, amounting to approximately five months as well as a one-year term of supervised release. Renard now appeals. Renard's principal

issue on appeal is whether the District Court erred in admitting Jones's testimony as to the fingerprints or, in the alternative, for failing to grant him a continuance in response to the Government's Rule 16 violation. Renard asks that we vacate his conviction and remand the case for a new trial. We have jurisdiction over Renard's appeal pursuant to 28 U.S.C. § 1291.

## II.

Federal Rule of Criminal Procedure 16(a)(1)(G) provides, in relevant part:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

If a party fails to comply with Rule 16's disclosure requirements, Rule 16(d)(2) states that "the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."

At trial, the District Court considered the defendant's argument that it received the fingerprint report too late to prepare and the Government's explanation that it requested the report just after the grand jury indictment was returned and before the case was set for trial. The Government also noted that it provided defendant with copies the same day the

report was received. Based on these arguments, the District Court concluded that the Government had not acted in bad faith and, accordingly, allowed the fingerprint specialist to testify and admitted the report in evidence, despite the fact that the court-ordered discovery deadline had passed.

In reviewing a District Court's denial of a motion to exclude expert testimony, in the face of the Government's assumed violation of Rule 16, we have specifically held that a new trial is only warranted if the "District Court's actions resulted in prejudice to the defendant." United States v. Lopez, 271 F.3d 472, 483-484 (3d Cir. 2001). We have further stated that "'the prejudice that must be shown to justify reversal for a discovery violation is a likelihood that the verdict would have been different had the government complied with the discovery rules.'" United States v. Davis, 397 F.3d 173, 178 (3d Cir. 2005) (quoting Lopez, 271 F.3d at 483-484).

In United States v. Lopez, a case dealing with a nearly identical scenario presented here, we held that the Government's failure to provide, before trial, the required written summary of the Government's fingerprint expert's qualifications, and a list of the bases and the reasons for the expert's opinion, did not warrant a new trial given the discretion explicitly provided to the District Court under Rule 16. We specifically noted in Lopez that the  defendant had failed to explain how the Government's failure to disclose information resulted in a denial of his right to a fair trial or how he was prejudiced by the late disclosure. 271 F.3d at 482-484. In determining whether this Court should second

guess the District Court's view of what was a "just" action for a Rule 16 discovery violation, we considered the harm, if any, caused by the Government's violation.  Id.[1]

Four years after Lopez, we held, in United States v. Davis, that the District Court did not abuse its discretion in denying defendants' request for a new trial, where the defendants failed to establish any prejudice stemming from the Government's inadequate discovery.  397 F.3d at 178.  We agreed with the defendants that the Government failed to adequately satisfy their Rule 16 obligations by failing to give the defendants a more extensive written statement that included the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Id.  However, because the defendants only argued that the Government did not fully comply with its discovery

---

[1] We note that our sister circuits have also held that the a defendant must show that he was prejudiced by the District Court's denial of a motion to exclude expert testimony - in light of the Government's Rule 16 violation - in order to warrant a new trial.  See United States v. Anderson, 446 F.3d 870, 875-76 (8th Cir. 2006) (affirming conviction where defendant failed to demonstrate that he was unfairly prejudiced by the decision to allow a police officer to testify as an expert when the Government failed to provide disclosure); United States v. Mendoza, 244 F.3d 1037, 1047 (9th Cir. 2001) (holding that the Government's failure to comply with Rule 16 only compelled reversal where the appellant "demonstrate[d] prejudice to substantial rights [where] [t]he prejudice that must be shown to justify reversal for a discovery violation is a likelihood that the verdict would have been different had the government complied with the discovery rules, not had the evidence [been] suppressed"); United States v. Miller, 199 F.3d 416, 420 (7th Cir. 1999) (holding that Government's failure to properly disclose expert witness testimony did not warrant a new trial unless "the remedy offered by the district court was inadequate to provide [the defendant] with a fair trial"); United States v. DeWeese, 632 F.2d 1267, 1272-73 (5th Cir. 1980) (affirming conviction where Government informed defendant that witness would be testifying the day before trial where appellant failed to show prejudice other than complaint that he was unable to properly prepare for cross examination).

obligations and did not demonstrate that they were prejudiced by the inadequate discovery, we concluded that they were not entitled to a new trial. Id.

The essence of Renard's argument is that the District Court abused its discretion by allowing Jones to testify or, alternatively, by not granting a continuance. Renard contends that he was prejudiced by the Government's discovery violation because he was unable to effectively cross-examine Jones and was unable to rebut Jones's testimony. In passing, Renard also notes that the Government did not produce a report describing the bases and reasons for the fingerprint specialist's opinion and that this had the potential to prejudice the defense. Nonetheless, Renard does not explain how the verdict would have been different had the Government provided him with notice of the fingerprint specialist in accordance with Rule 16. Moreover, Renard does not explain, for example, how, if he had been granted a continuance, he would have been able to impugn Jones's testimony or establish that the fingerprints taken of Renard in 2007 were different from those taken of him when he was deported in 1989.

In sum, Renard has failed to explain how reversal of any of the District Court's decisions would likely have resulted in a verdict of not guilty.[2]

_____

[2] We pause here to express our profound disapproval of the manner in which the Government handled its discovery obligations in this case. Our review of the record does not disclose any reasonable basis for the first disclosure of the relevant fingerprint specialist's report to the defense four days before the start of trial. When the court ordered discovery deadline approached, the Government could have informed defense counsel that they were awaiting the fingerprint specialist's report or sought a continuance. While we find that Renard did not meet his burden of showing the necessary prejudice for

III.

Because we discern no abuse of discretion in the District Court's rulings, we will affirm.

---

a new trial, we are nonetheless concerned that the government's delay might have resulted in an aborted proceeding and substantial waste of judicial resources.